**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JOHN WAVERLY PARROTT, a/k/a
Johnny Claggett,
Defendant-Appellant.

No. 99-4342

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-97-473)

Submitted: December 14, 1999

Decided: January 13, 2000

Before MICHAEL and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William B. Purpura, LAW OFFICES OF WILLIAM B. PURPURA,
Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United
States Attorney, Odessa P. Jackson, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant John Waverly Parrott was convicted of conspiracy to distribute crack cocaine; two counts of distribution of crack; one count of possession of crack with intent to distribute; and one count of being a felon in possession of a firearm. He contends that the evidence was insufficient to sustain the last four of these convictions (all but the conspiracy conviction). We review his contentions to determine whether the record contains "substantial evidence, taking the view most favorable to the government, to support" the judgment below. Glasser v. United States, 315 U.S. 60, 80 (1942). Applying this standard, we affirm.

With respect to the drug-related convictions, the evidence below indicated that Parrott ran a distribution ring in Silver Spring, Maryland, in which he supplied street-level dealers with individually packaged crack doses. An undercover police officer bought drugs from two of these dealers on June 25, 1996. Both dealers received their merchandise from Emmanuel "Peewee" Anderson, who worked exclusively for Parrott and who, upon receipt of some of the proceeds from the sales, promised to deliver them to Parrott.

On the day of these two sales, the police searched Parrott's home and found most of the cash that the undercover officer had used in his purchases. They also found two crack pipes and four tenths of a gram of crack. Witnesses for both the Government and the defense testified that Parrott did not use crack.

We find in this evidence ample proof that Parrott distributed to Anderson the drugs that were ultimately sold to the undercover officer. See United States v. Santana, 175 F.3d 57, 62 (1st Cir. 1999) (finding sufficient evidence of an association between the defendant and a drug dealer to establish that the defendant provided the drugs

2

sold by the dealer on two occasions). We further hold the jury was entitled to infer that Parrott, who sold but did not use crack, kept the crack pipes and small quantity of crack found at his home as an accommodation for his distributors.

Regarding his conviction for being a felon in possession of a firearm, Parrott challenges only the evidence of possession. This evidence consisted of two handguns recovered from Parrott's residence, one found near the sofa where he slept and another found in an inoperable car next to his house. An expert witness testified for the Government that it is common for crack traffickers to use firearms in their business. Another prosecution witness reported observing Parrott with a firearm. We hold that this evidence adequately supports Parrott's firearms conviction. See United States v. Dunford, 148 F.3d 385, 396 (4th Cir. 1998) (finding sufficient evidence of possession of weapons based on their presence in places where the defendant would have been aware of them, the recovery of ammunition for the weapons in the defendant's bedroom, and a pro-gun sign found in the defendant's living room).

For the foregoing reasons, we affirm Parrott's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3